IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-96

 No. COA20-436

 Filed 6 April 2021

 Person County, No. 19 CVS 752

 DALE LUNSFORD, Plaintiff,

 v.

 DAVID K. TEASLEY, Defendant.

 Appeal by Plaintiff from Order entered 27 January 2020 by Judge Orlando F.

 Hudson, Jr. in Person County Superior Court. Heard in the Court of Appeals 9 March

 2021.

 Paulina Y. Lopez for plaintiff-appellant.

 David K. Teasley, pro se, defendant-appellee.

 MURPHY, Judge.

¶1 A civil action is “commenced” only through the procedures set out in Rule 3 of

 our Rules of Civil Procedure. Regardless of an intervening expiration of the statute

 of limitations, when a party voluntarily dismisses a claim without prejudice, “a new

 action based on the same claim may be commenced within one year after such

 dismissal.” N.C.G.S. § 1A-1, Rule 41(a)(1) (2019). Under Rule 3(a), there are two

 methods available to a party to commence the new action. First, the party may

 commence an action “by filing a complaint with the court.” N.C.G.S. § 1A-1, Rule 3(a)

 (2019). Second, the new civil action may be commenced by the issuance of a summons
 LUNSFORD V. TEASLEY

 2021-NCCOA-96

 Opinion of the Court

 and a trial court’s grant of a twenty-day extension to file the complaint, which tolls

 the statute of limitations and/or expiration of the Rule 41(a)(1) extension. N.C.G.S.

 § 1A-1, Rule 3(a) (2019); Goodman v. Living Ctrs.-Se., Inc., 234 N.C. App. 330, 335,

 759 S.E.2d 676, 680 (2014). Here, because neither method of commencing a suit

 occurred before the expiration of one year, the trial court properly dismissed the

 action.

¶2 Plaintiff Dale Lunsford appeals from an order granting Defendant David

 Teasley’s motion to dismiss his Complaint as untimely. Lunsford commenced his

 original action on 14 November 2017. On 26 September 2018, Lunsford gave notice

 of his voluntary dismissal without prejudice in accordance with Rule 41(a)(1).

 N.C.G.S. § 1A-1, Rule 41(a)(1) (2019). Almost one year later, on 24 September 2019,

 Lunsford requested the issuance of an order extending his time to file a complaint

 pursuant to Rule 3(a)(1) from the Clerk of Person County. N.C.G.S. § 1A-1, Rule

 3(a)(1) (2019). The clerk purported to grant a twenty-day extension pursuant to Rule

 3(a)(2). N.C.G.S. § 1A-1, Rule 3(a)(2) (2019). However, the Record does not

 demonstrate a summons was issued to commence the new action, and Lunsford

 makes no argument a summons was issued as required by Rule 3(a)(1). N.C.G.S. §

 1A-1, Rule 3(a)(1) (2019). Lunsford did not file his second Complaint in this action

 until 9 October 2019, over one year after his Rule 41(a)(1) extension.

¶3 “Our review of the grant of a motion to dismiss under Rule 12(b)(6) of [our]
 LUNSFORD V. TEASLEY

 2021-NCCOA-96

 Opinion of the Court

 Rules of Civil Procedure is de novo.” Bridges v. Parrish, 366 N.C. 539, 541, 742 S.E.2d

 794, 796 (2013). “Likewise, questions of statutory interpretation are ultimately

 questions of law for the courts and are reviewed de novo.” Azure Dolphin, LLC v.

 Barton, 371 N.C. 579, 594, 821 S.E.2d 711, 722 (2018) (internal citation and marks

 omitted).

¶4 “Where statutory language is clear and unambiguous, our Courts do not

 ‘engage in judicial construction but must apply the statute to give effect to the plain

 and definite meaning of the language.’” Edwards v. Morrow, 219 N.C. App. 452, 455,

 725 S.E.2d 366, 369 (2012) (quoting Fowler v. Valencourt, 334 N.C. 345, 348, 435

 S.E.2d 530, 532 (1993)), appeal dismissed, disc. rev. denied, 366 N.C. 403, 737 S.E.2d

 378 (2012). Rule 3(a) of our Rules of Civil Procedure provides two methods by which

 a civil action may be commenced:

 (a) A civil action is commenced by filing a complaint with
 the court. . . .

 A civil action may also be commenced by the issuance of a
 summons when

 (1) A person makes application to the court stating the
 nature and purpose of his action and requesting permission
 to file his complaint within 20 days and

 (2) The court makes an order stating the nature and
 purpose of the action and granting the requested
 permission.

 The summons and the court’s order shall be served in
 accordance with the provisions of Rule 4.
 LUNSFORD V. TEASLEY

 2021-NCCOA-96

 Opinion of the Court

 N.C.G.S. §1A-1, Rule 3(a) (2019) (emphasis added).

¶5 Lunsford commenced an action under the first method by filing a complaint on

 9 October 2019, outside of the one-year period granted by Rule 41(a)(1). As a result,

 Lunsford could only have complied with the Rule 41(a)(1) one-year limitation by

 issuing a summons and receiving a twenty-day extension. However, nothing in the

 Record indicates a summons was ever issued. Applying the plain language of Rule

 3(a), the Application and Order Extending Time to File Complaint, filed on 24

 September 2019, did not commence a new action under the second method absent the

 issuance of a summons. The trial court did not err in dismissing the second

 Complaint as the new action was commenced on 9 October 2019 by the filing of the

 Complaint, after the expiration of the one-year period prescribed by Rule 41(a)(1).

 AFFIRMED.

 Judges TYSON and GORE concur.